# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| VANCE FIELDS,<br><br>                      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | Case No. 24-CV-248-JPS<br><br>**ORDER** |

### 1.     BACKGROUND

Petitioner Vance Fields ("Petitioner") moves pursuant to 28 U.S.C. § 2255 to vacate, modify, or correct his sentence. ECF No. 1. In the underlying criminal case, Petitioner pleaded guilty to a drug offense in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)) (Count Four in the underlying Indictment) and unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Six in the underlying Indictment). *United States v. Vance Fields et al.*, 21-CR-21-JPS (E.D. Wis.), ECF No. 35.[1] On March 21, 2023, this Court held a resentencing hearing pursuant to the parties' joint motion to remand the case from the Seventh Circuit Court of Appeals. CR-ECF Nos. 87, 98. Petitioner's sentence was reconfigured to include a term of imprisonment of 180 months as to Count Four and 120 months as to Count Six, running concurrently for a total sentence of 180 months. CR-ECF No. 99.

---

[1] Docket references to the underlying criminal case will be cited hereinafter as CR-ECF.

Petitioner's § 2255 motion seeks to "vacate and dismiss his [§] 922(g) conviction and remand his case back to this court for resentencing on the remaining counts of conviction." ECF No. 1 at 22.[2] He believes he is entitled to vacatur of the conviction on, and dismissal of, Count Six—the firearm charge—on the basis that § 922(g) is "violative of his Second Amendment right to bear arms" as construed in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) (hereinafter "*Bruen*"), and/or that his attorney on resentencing, Daniel Resheter ("Attorney Resheter") was constitutionally ineffective for failing to raise this argument at resentencing.[3] ECF No. 1 at 1–2. In this Order, the Court screens the motion and determines that the *Bruen* ground is procedurally defaulted and the default is not excusable, and the IAC ground is frivolous; the § 2255 motion accordingly must be denied and this action will be dismissed with prejudice.

2.   **SCREENING STANDARD**

At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[2] If the conviction for Count Six were vacated, the underlying count dismissed, and the 120-month sentence rescinded, the Court would be permitted to revisit the 180-month sentence as to Count Four. *United States v. Tolliver*, 954 F. Supp. 164, 165 (N.D. Ill. 1996) (citing *United States v. Shue*, 825 F.2d 1111 (7th Cir. 1987)).

[3] The Court will hereinafter refer to Petitioner's substantive constitutional challenge as "the *Bruen* ground," and his claim of ineffective assistance of counsel as "the IAC ground."

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, but not any of his legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 992 (E.D. Wis. 2000).

Upon Rule 4 review, the Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable and non-frivolous claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the motion.

3.   ANALYSIS

   3.1   Timeliness

Each of Petitioner's asserted grounds for relief appears timely. Section 2255(f) provides a one-year limitations period in which to file a motion thereunder, which, as pertinent here, "run[s] from the latest of . . . the date on which the judgment of conviction becomes final . . . [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f).

"[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). "If a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 WL 799066 at *2 (C.D. Ill. Mar. 15, 2022) (citing *Clay*, 537 U.S. at 524–25). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the

judgment or the order being appealed; or . . . the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).

The Court resentenced Petitioner and entered judgment on March 21, 2023. CR-ECF No. 99. Thus, Petitioner had until April 4, 2023 to appeal; he did not do so.[4] His judgment upon resentencing therefore became final on April 5, 2023. He filed the instant § 2255 motion on February 23, 2024, within one year of that date. On the other hand, the United States Supreme Court handed down its decision in *Bruen* on June 23, 2022, making a § 2255 motion premised on that case due on June 23, 2023,[5] a date which Petitioner did not meet. Nevertheless, the plain language of § 2255(f) dictates that the later of these two deadlines—April 5, 2024—applies. Petitioner's motion is timely.

### 3.2   Procedural Default

The Court next considers whether Petitioner's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

---

[4]Petitioner was advised of his right of appeal, CR-ECF No. 98 at 3, and Attorney Resheter, at the direction of the Court, submitted a letter confirming that he had "confer[red] with [Petitioner] concerning his appeal rights" and that Petitioner had indicated that "he [did] not wish to file an appeal in this case." CR-ECF No. 101. Petitioner signed the letter. *Id.*

[5]The Court assumes for purposes of the timeliness analysis only that *Bruen* applies retroactively but joins another district court in emphasizing that "*Bruen*'s Second Amendment holding did not address [§] 922(g) in any way, nor did it indicate whether its holding would retroactively apply to cases on collateral review." *Patton v. United States*, No. 1:23-CV-01238-JPH-MG, 2024 WL 68678, at *1 n.2 (S.D. Ind. Jan. 4, 2024). Whether a *Bruen* challenge to § 922(g) can be litigated through a § 2255 motion is very much an open question.

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Petitioner did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are three exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Petitioner may raise a claim on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise the claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Third, "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome procedural default. *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) and citing *Schlup v. Delo*, 513 U.S. 298, 317 (1995)).

The IAC ground is not subject to the procedural default doctrine and may be raised for the first time on a § 2255 motion. *Massaro*, 538 U.S. at 504.

On the other hand, Petitioner's substantive *Bruen* ground is procedurally defaulted: not only did he not raise this argument on appeal, he did not raise it before this Court at all—a shortcoming that Petitioner attributes to Attorney Resheter. The question thus becomes whether

Attorney Resheter's alleged ineffectiveness constitutes cause and prejudice[6] sufficient to excuse the procedural default on the *Bruen* ground—more simply, whether the IAC ground can open the door for the *Bruen* ground. The Court concludes that it cannot.

"To use ineffectiveness of counsel 'as cause to justify procedural default, the defendant must show the appellate attorney's performance was deficient and the performance prejudiced him in the proceeding.'" *Fierro-Rascon v. United States*, No. 14-CR-13-JDP, 2016 WL 4544553, at *1 (W.D. Wis. Aug. 31, 2016), *appeal dismissed for failure to prosecute*, No. 20-2552, 2020 WL 8570865 (7th Cir. Sept. 25, 2020) (quoting *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996)). "To show prejudice stemming from ineffective assistance of counsel, a defendant must prove 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *McCleese*, 75 F.3d at 1180).

"An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (citing *Williams v. Taylor*, 529 U.S. 362, 395 (2000) and *Kimmelman v.*

---

[6]The actual innocence exception does not apply in this case because Petitioner does not proffer any new evidence, only a change in the law. *See Lund*, 913 F.3d 667–68 ("The actual innocence exception certainly applies where the petitioner has new evidence, like DNA evidence. *See House v. Bell*, 547 U.S. 518, 537, . . . (2006). But this Court has never explicitly held that [the actual innocence exception] can be used in situations where a subsequent change to the scope of a law renders the conduct the petitioner was convicted for no longer criminal. *See Gladney v. Pollard*, 799 F.3d 889, 897 (7th Cir. 2015).").

*Morrison*, 477 U.S. 365, 385 (1986)). But "[d]efense attorneys . . . are generally not obliged to anticipate changes in the law." *Bridges v. United States*, 991 F.3d 793, 804 (7th Cir. 2021) (citing *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001)). "Yet there are some circumstances where they may be obliged to make, or at least to evaluate, an argument that is sufficiently foreshadowed in existing case law." *Id.* (citing *Shaw v. Wilson*, 721 F.3d 908, 917 (7th Cir. 2013) and *United States v. Carthorne*, 878 F.3d 458, 465–66 (4th Cir. 2017) ("[T]he ineffective assistance standard may require that counsel raise material issues even in the absence of decisive precedent.")).

Petitioner argues that "the record establishes, almost irrefutably, that if [he] would have raised the instant Second Amendment claim in the district court prior to the first time he plead[ed] guilty, and/or when his [§] 922(g) conviction was vacated on appeal[] and remanded back to the district court, . . . there is a reasonable probability that he would have been successful in getting his [§] 922(g) offense[] dismissed or vacated, no different than the defendant in . . . *Atkinson*." ECF No. 1 at 21. He points to recent decisions by the Seventh and Third Circuits—*Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023) and *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023)—as putting Attorney Resheter on notice of his obligation to "raise [an] issue[] foreshadowed but not explicitly resolved by precedent." *Id.* at 18.[7]

---

[7]In arguing that § 922(g) is substantively unconstitutional, Petitioner also points out that the *Range* court cited now-Justice, then-Judge Amy Coney Barrett's dissent in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019). *Id.* at 8. Additionally, he highlights the Seventh Circuit's statement in another pre-*Bruen* case that appeared to find that the Second Amendment did not limit the right of firearm possession only to law-abiding citizens. *Id.* at 7 (citing *United States v. Meza-Rodriguez*, 798 F.3d 664 (7th Cir. 2015)). He does not explicitly argue that Attorney Resheter knew or

While it is true that *Bruen* had been decided for almost nine months at the time that Petitioner was resentenced, and even taking into account the eventual existence of *Atkinson* and *Range*, the Court cannot find that Attorney Resheter's representation was deficient. First, *Bruen* was not about the constitutionality of § 922(g); its impact on the statute was—and is— unclear. *See United States v. Watson*, No. 23-CR-109, 2023 WL 6623774, at *4–6 (E.D. Wis. Oct. 11, 2023) (discussing other circuits' and district courts' decisions on *Bruen*'s impact on § 922(g)). Second, *Range* and *Atkinson* were decided, respectively, on June 6 and 20, 2023—months after Petitioner's resentencing. Third, *Atkinson* did not decide whether § 922(g) is consistent with the Second Amendment; it "remand[ed] [the case] to allow the district court to undertake the *Bruen* analysis in the first place." 70 F.4th at 1020. So while Attorney Resheter—an experienced defense attorney—was likely aware of *Bruen* (and perhaps of the pendency of the *Atkinson* and *Range* appeals) at the time of Petitioner's resentencing, none of these authorities as they existed then provided any indication on how the constitutionality of § 922(g) might be resolved. Even now, *Atkinson*, the only in-circuit precedent on the matter, does not answer the question. Attorney Resheter was not deficient for failing to file a motion based on case law that had not yet been written—that Attorney Resheter is not a psychic does not equate to "ignorance of a point of law . . . combined with [a] failure to perform basic research." *Hinton*, 571 U.S. at 274.

Then-Judge Barrett's dissent in *Kanter* and the *Meza-Rodriguez* decision, *see supra* note 7, were perhaps on Attorney Resheter's radar. But

---

should have known of these authorities, but for the sake of complete analysis the Court addresses them in the procedural default context.

the *Kanter* dissent is relevant only insofar as *Bruen* adopted its text-and-history methodology to invalidate a New York gun-ownership law, 597 U.S. at 71; even though *Kanter* was about § 922(g), as the Court has stressed repeatedly, *Bruen* was not. Neither was *Meza-Rodriguez*. Additionally, *Meza-Rodriguez*'s statements on who falls within the "people" whose rights to firearm possession are protected by Second Amendment, 798 F.3d at 669–72—which are possibly relevant to a *Bruen* motion—are also "not easily reconciled" with other Seventh Circuit precedent on the same question. *United States v. Davis*, No. 22-CR-210-JPS, 2024 WL 490581, at *8–9 (E.D. Wis. Feb. 8, 2024) (comparing *Meza-Rodriguez* and *United States v. Yancey*, 621 F.3d 681, (7th Cir. 2010) (per curiam)). For these reasons, the Court does not believe that either *Kanter* or *Meza-Rodriguez* "sufficiently foreshadowed" a prospective, and arguably meritorious, Second Amendment challenge to § 922(g) such that Attorney Resheter was obligated to make such a challenge on Petitioner's behalf. *Bridges*, 991 F.3d at 804.

While it is true that federal defense attorneys have been filing *Bruen*-based motions to dismiss § 922(g) charges with increasing frequency as of late, not a single judge in this district has granted such a motion. *Watson*, 2023 WL 6623774; *United States v. Johnson*, No. 22-CR-254, 2023 WL 7284848 (E.D. Wis. Nov. 3, 2023); *United States v. Denruyter*, No. 23-CR-155, 2023 WL 8098783 (E.D. Wis. Oct. 17, 2023), *report and recommendation adopted*, No. 23-CR-155, 2023 WL 8081658 (E.D. Wis. Nov. 21, 2023); *see also United States v. Derrick Davis*, Case No. 22-CR-189, ECF No. 31 (E.D. Wis. Feb. 27, 2023) (report and recommendation from Magistrate Judge Stephen C. Dries recommending that the defendant's Second Amendment-based motion to dismiss be denied), *motion to dismiss denied as moot due to defendant's guilty*

*plea*, *id.* at ECF No. 44 (E.D. Wis. May 5, 2023). Just weeks ago, this Court denied such a motion. *Davis*, 2024 WL 490581.

*Bruen* has potential implications for the statute of Petitioner's firearm conviction, but at the time of Petitioner's resentencing there was no reason for Attorney Resheter to believe that a *Bruen*-based motion to dismiss might have any merit. *Range* would not be decided until several months later; neither would *Atkinson*, which did not even reach the question of § 922(g)'s constitutionality when it was decided; pre-*Bruen* in-circuit authorities like *Kanter* and *Meza-Rodriguez* were of unclear relevance; and there was no final order from any judge of this district addressing the question. Even now, the weight of the authority in the Eastern District of Wisconsin in the absence of further guidance from the Seventh Circuit indicates that a *Bruen*-based motion to dismiss is highly unlikely to prevail. Considering all these competing circumstances, Attorney Resheter's representation was not deficient.

Moreover, the procedural posture of Petitioner's underlying case counseled heavily against filing such a motion. Petitioner was before the Court for resentencing on counts to which he pleaded guilty in August of 2021. CR-ECF No. 35. In his plea agreement—which Petitioner "freely and voluntarily" entered and the validity of which he does not challenge—he waived his right to appeal "any claim that . . . the statutes . . . under which [he] [was] convicted or sentenced are unconstitutional" or that "the conduct to which [he] . . . admitted does not fall within the scope of the statutes . . . ." *Id.* at 11, 20. Attorney Resheter was not obligated to attempt to dismiss or withdraw Petitioner's guilty plea on a count to which Petitioner pleaded guilty a year and a half earlier, and on which he had waived his right of appeal. To do so could have been a breach of the plea agreement, and

counsel is not ineffective for declining to take a course of action that would have that effect. *See Seavers v. United States,* No. 14-cv-835-JPG, 2014 WL 5334259, at *1–3 (S.D. Ill. Oct. 20, 2014) (rejecting as frivolous the petitioner's argument that counsel was ineffective for failing to argue against application of a firearm enhancement since the petitioner validly entered into a plea agreement in which the parties agreed that her offense level should be increased pursuant to that enhancement).

In light of all these factors, the Court concludes that Attorney Resheter's performance was not deficient.[8] Because his performance was not deficient, it does not excuse Petitioner's procedural default on the *Bruen* ground. That ground in Petitioner's motion may not proceed.

### 3.3 Cognizable Claims

Having determined that Petitioner's IAC ground is timely and is not subject to procedural default, the Court must consider whether this claim is cognizable and non-frivolous. This analysis is the same as the cause-and-prejudice analysis for procedural default. *McCleese*, 75 F.3d at 1179–80 (citing *Strickland*, 466 U.S. at 694). For the reasons already discussed in the prior section, Petitioner's IAC claim premised on Attorney Resheter's failure to raise a *Bruen* challenge to the § 922(g) offense at resentencing has no merit and is therefore frivolous. This claim may not proceed.

---

[8]While the Court need not reach the question of whether Attorney Resheter's performance prejudiced Petitioner, it notes parenthetically that—even if a *Bruen*-based challenge to Petitioner's § 922(g) conviction had been appropriate in this case—such motion would in all likelihood have been denied. *See Davis*, 2024 WL 490581.

## 4. CONCLUSION

For the reasons stated above, neither of Petitioner's asserted grounds for relief can proceed, his § 2255 motion must be denied, and this case will be dismissed with prejudice.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right." "A petitioner makes a 'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir. 2008)).

The Court doubts that any reasonable jurist would find Attorney Resheter's representation was deficient for failing to raise a *Bruen*-based motion to dismiss at resentencing in the absence of authority supporting that such a motion had any merit, and where raising such a motion would likely have breached the plea agreement. The Court will, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Vance Fields's motion pursuant to 28 U.S.C. § 2255 to vacate, modify, or correct his sentence, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

<div style="color:red; border: 1px solid black; padding: 10px;">

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

</div>